12-16935

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**DAMOUS D. NETTLES,**

Petitioner-Appellant,

**v.**

**RANDY GROUNDS, Warden,**

Respondent-Appellee.

On Appeal from the United States District Court
for the Eastern District of California

No. 1:11-cv-01201-AWI-JLT
The Honorable Anthony W. Ishii, Judge

**APPELLEE'S ANSWERING BRIEF**

KAMALA D. HARRIS
Attorney General of California
JENNIFER A. NEILL
Senior Assistant Attorney General
PHILLIP J. LINDSAY
Supervising Deputy Attorney General
ANDREW R. WOODROW
Deputy Attorney General
State Bar No. 221098
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 322-1435
  Fax: (916) 322-8288
  Email:  Andrew.Woodrow@doj.ca.gov
*Attorneys for Respondent-Appellee*

## TABLE OF CONTENTS

**Page**

Introduction ................................................................................... 1

Statement of Jurisdiction ............................................................... 1

Issues Presented ............................................................................ 2

Statement of the Case ................................................................... 2

Statement of Facts ........................................................................ 4

Summary of Argument .................................................................. 5

Standard of Review ....................................................................... 6

Argument ...................................................................................... 6

    I.    Nettles's challenge to the CDC 115 prison disciplinary
        does not invoke habeas corpus jurisdiction. ............................. 6

    II.   The district court's judgment should be affirmed because
        the state court record is insufficient to grant relief. ................ 13

Conclusion .................................................................................... 15

Statement of Related Cases ........................................................... 16

# TABLE OF AUTHORITIES

**Page**

CASES

*Biggs v. Sec'y of the Cal. Dep't. of Corr. & Rehab.,*
717 F.3d 678 (9th Cir. 2013) ................................................................ 10

*Blair v. Martel,*
645 F.3d 1151 (9th Cir. 2011) ...................................................... 2, 7, 12

*Blair*: *Bostic v. Carlson,*
884 F.2d 1267 (9th Cir. 1989) ........................................................... 8, 9

*Chaffer v. Prosper,*
592 F.3d 1046 (9th Cir. 2010) ............................................................... 6

*Cullen v. Pinholster,*
131 S. Ct. 1388 (2011) ......................................................................... 14

*Docken v. Chase,*
393 F.3d 1024 (9th Cir. 2004) .............................................. 8, 9, 10, 11

*In re Lawrence,*
44 Cal. 4th 1181 (2008) ............................................................ 8, 10, 11

*James v. Borg,*
24 F.3d 20 (9th Cir. 1994) ................................................................... 13

*People v. Duvall,*
9 Cal.4th 464 (1995) ........................................................................... 15

*Preiser v. Rodriguez,*
411 U.S. 475 (1973) ............................................................................... 6

*Ramirez v. Galaza,*
334 F.3d 850 (9th Cir. 2003) ................................................................. 9

*Sandin v. Conner,*
515 U.S. 472 (1995) ....................................................................... 11, 12

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Skinner v. Switzer*,
 __ U.S. __, 131 S.Ct. 1289 (2011) ............................................... passim

*Swarthout v. Cooke*,
 __ U.S. __, 131 S.Ct. 859 (2011) ....................................................... 10

*United States v. Albers*,
 136 F.3d 670 (9th Cir. 1998) ......................................................... 6, 13

*Wacht v. Cardwell*,
 604 F.2d 1245 (9th Cir. 1979) ............................................................ 14

*Wilkinson v. Dotson*,
 544 U.S. 74 (2005)................................................................... 7, 8, 10

*Wilson v. Terhune*,
 319 F.3d 477 (9th Cir. 2003) ............................................................. 11

STATUTES

28 U.S.C. § 1291 ..................................................................................... 1

28 U.S.C. § 2253(a) ................................................................................ 1

28 U.S.C § 2254 ................................................................................. 9, 13

28 U.S.C. § 2254(d) .............................................................................. 14

42 U.S.C. § 1983 ..................................................................................... 7

Cal. Code Regs. Title 15, §§ 2000(b)(67), 3000 ..................................... 7

Cal. Code Regs., Title 15, § 2402 ........................................................... 8

Cal. Code Regs. Title , 15, § 2402 (b) .................................................. 10

Cal. Penal Code § 3041 ........................................................................... 8

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Cal. Penal Code §§ 3041, 3041.5 ........................................................ 8

Cal. Penal Code §§ 3041, 3041.5, 3046, 3049 ........................................ 7

**COURT RULES**

Rule 2(c)(2) ......................................................................... 13

iv

**INTRODUCTION**

Petitioner-Appellant Damous Nettles is a California prison inmate serving an indeterminate sentence.  After pursuing relief in state court, Nettles filed a Petition for Writ of Habeas Corpus under the Antiterrorism and Effective Death Penalty Act (AEDPA) alleging that the California Department of Corrections and Rehabilitation (CDCR) violated his due process rights in connection with a 2008 CDC-115 prison disciplinary.  The district court dismissed the Petition, concluding that Nettles's claim is not cognizable in habeas corpus because—as an inmate serving a life sentence— an order expunging the prison disciplinary from Nettles's prison file would not likely accelerate his release on parole.

This Court should affirm the district court's decision for two reasons. First, federal habeas relief is unavailable where success will not necessarily result in a speedier release from prison.  Second, the state court record is insufficient to grant Nettles relief.

**STATEMENT OF JURISDICTION**

This Court has jurisdiction to review the district court's judgment under 28 U.S.C. §§ 1291 and 2253(a).  On August 30, 2011, Nettles filed a timely Notice of Appeal and Request for a Certificate of Appealability.  (Clerk's Docket (CD) 39, Excerpts of Record (ER) 3-4.)  On August 29, 2013, this

1

Court granted a Certificate of Appealability as to whether the district court properly concluded that it lacked habeas jurisdiction because the disciplinary finding would not potentially affect the duration of Nettles's imprisonment. (CD 42, ER 1-2.) Appellee contends that the district court lacked jurisdiction over Nettles's due process claims because the fact or duration of his confinement was not at issue. *Skinner v. Switzer*, __ U.S. __, 131 S.Ct. 1289, 198-99 & n.13 (2011); *Blair v. Martel*, 645 F.3d 1151, 1157-58 (9th Cir. 2011).

## ISSUES PRESENTED

(1) Should the district court's judgment be affirmed because Nettles's due process claim is outside the scope of habeas corpus jurisdiction in that his success will not necessarily result in either his immediate release from prison or a shorter prison term?

(2) Should the district court's judgment be affirmed because the state court record is insufficient to grant Nettles relief?

## STATEMENT OF THE CASE

Nettles filed a Petition for Writ of Habeas Corpus in the district court alleging that the CDCR violated his due process rights when it found him guilty of a CDC-115 prison disciplinary. He also alleged that the rules violation report was false, that an assigned investigative employee did not

conduct a proper investigation, and that prison officials refused to process his administrative appeals. (CD 1, ER 56-108.) Appellee moved to dismiss Nettles's Petition because success on his claims would not affect the fact or duration of his confinement—a requirement for obtaining relief under AEDPA. Appellee further agued that Nettles failed to state sufficient facts to support his grounds for relief. (CD 27, ER 6, 55.) Nettles opposed the motion. (CD 29.)

On March 7, 2011, the magistrate judge issued Findings and Recommendations recommending that Nettles's Petition be dismissed for lack of habeas jurisdiction. (CD 30, ER 46-55.) The magistrate judge concluded that restoring any custody credits lost as a result of the prison disciplinary would not necessarily shorten Nettles's sentence. (CD 30, ER 52-54.) In addition, the magistrate judge determined that any impact the prison disciplinary would have on a future parole decision would be negligible. (CD 30, ER 55.) The district court adopted the magistrate judge's Findings and Recommendations, dismissed the Petition, and declined to issue a certificate of appealability. (CD 37, ER 6-10.) The district court determined that the relevant issue was whether expungement of the disciplinary violation could "potentially affect the duration" of Nettles's confinement, and it concluded that one fewer prison disciplinary in Nettles's

3

prison record would not likely accelerate his eligibility for parole. (CD 37, ER 7-9.)

On August 29, 2013, this Court granted a Certificate of Appealability as to whether the district court properly concluded that it lacked habeas jurisdiction because the disciplinary finding "would not potentially affect" the duration of Nettles's imprisonment. (CD 42, ER 1-2.)

## STATEMENT OF FACTS

Nettles is a California life inmate who has exceeded his minimum eligible parole date (MEPD) and is receiving parole consideration hearings. (AOB at 3.) On February 26, 2008, prison officials issued Nettles a CDC-115 prison disciplinary for threatening staff. (CD 28, SER 005.)

Nettles filed a habeas petition in Monterey County Superior Court alleging: (1) the CDC-115 prison disciplinary was illegal; (2) prison officials refused to process his administrative appeals; (3) the prison disciplinary proceedings violated his due process rights; and (4) prison officials exceeded the time limits for processing his appeals. (CD 27, SER 003.) The superior court denied his petition, finding that Nettles failed to exhaust his administrative remedies with regards to his first and third claims and that Nettles's second and fourth claims should have been brought in a petition for writ of mandate. (CD 27, SER 003-004.)

Nettles then filed his habeas petition in the California Court of Appeal, Sixth Appellate District, and the California Supreme Court. Both courts summarily denied his petition. (CD 27, SER 002; CD 7, SER 001.)

**SUMMARY OF ARGUMENT**

Nettles's challenge to the CDC-115 prison disciplinary is not cognizable in habeas corpus because his success in this matter will not necessarily result in a shorter prison term. Nettles is serving a sentence of life with the possibility of parole and will be released from prison only when the California Board of Parole Hearings determines that he is suitable for parole. Nettles's contention that the Board may deny him parole at a future parole hearing based solely on the challenged CDC 115 prison disciplinary is too speculative to invoke habeas jurisdiction. Further, the state court record is insufficient to grant Nettles relief because it does not include a complete copy of the CDC 115 prison disciplinary decision. Accordingly, the district court's judgment must be affirmed.[1]

_____

[1] Appellee notes that there may be additional bases to dismiss Nettles's Petition such as the failure to exhaust state judicial remedies and procedural default. These bases were not raised the Motion to Dismiss; however, Appellee reserves the right to assert such defenses in the event of a remand by this Court.

**STANDARD OF REVIEW**

The district court's decision is reviewed de novo. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). This Court may affirm the judgment on any adequate ground in the record. *United States v. Albers*, 136 F.3d 670, 672 (9th Cir. 1998).

**ARGUMENT**

**I.   NETTLES'S CHALLENGE TO THE CDC 115 PRISON DISCIPLINARY DOES NOT INVOKE HABEAS CORPUS JURISDICTION.**

Federal habeas jurisdiction is only available when "a state prisoner is challenging the fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from imprisonment." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). In *Preiser*, the Supreme Court held that where the restoration of credits would result in either immediate release or the shortening of the length of confinement, the sole federal remedy for the unconstitutional deprivation of credits was a writ of habeas corpus. *Id.* at 487-88, 500. Over time, the Supreme Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through injunctions compelling speedier release or *indirectly* through a judicial

6

determination that necessarily implies the unlawfulness of the State's custody. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Thus, a habeas petition is not the appropriate remedy when "success in the action would not necessarily spell immediate or speedier release for the prisoner." *Dotson*, 544 U.S. at 81-82.

The Supreme Court has recently confirmed that habeas corpus is reserved for claims that seek either release from prison or a shorter incarceration. *Switzer*, 131 S. Ct. at 1293. "*Dotson* declared, . . . , in no uncertain terms that when a prisoner's claim *would not* 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983." *Switzer*, 131 S. Ct. at 1298-99 n.13 (emphasis added). Following *Switzer*, this Court confirmed that a claim that could, but will not necessarily, shorten an inmate's incarceration is outside the scope of habeas jurisdiction and must be raised, if at all, in a civil rights action under 42 U.S.C. § 1983. *Blair*, 645 F.3d 1151.

Nettles is serving a sentence of life with the possibility of parole. (AOB at 3.) California life inmates become eligible for parole consideration after reaching their minimum eligible parole date, or MEPD. *See* Cal. Penal Code §§ 3041, 3041.5, 3046, 3049; Cal. Code Regs. tit. 15, §§ 2000(b)(67), 3000 (defining "minimum eligible parole date"). Once a life inmate reaches

7

his MEPD, the Board of Parole Hearings evaluates the inmate's suitability for release on parole at a parole consideration hearing. Cal. Penal Code § 3041; Cal. Code Regs., tit. 15, § 2402; *In re Lawrence*, 44 Cal. 4th 1181, 1212 (2008). The Board either sets the inmate's parole release date or defers parole consideration for time periods specified by the California Penal Code. Cal. Penal Code §§ 3041, 3041.5. A gain or a loss of custody credits can affect a life inmate's MEPD, but once the inmate surpasses his MEPD and begins receiving parole consideration hearings, forfeited custody credits have no effect on his sentence—he remains eligible for parole consideration.

Nettles has surpassed his MEPD, and in 2009, the Board denied him parole consideration for ten years. (CD 7, SER 010-024.) Thus, a restoration of any custody credits lost as a result of the challenged prison disciplinary will not affect the scheduling of Nettles's next parole consideration hearing in 2019, and it will not "necessarily" lead to his earlier release from prison. *Dotson*, 544 U.S. at 82.

Nettles argues that his claims are cognizable in federal habeas corpus, citing two cases that pre-date *Dotson*, *Switzer*, and *Blair*: *Bostic v. Carlson*, 884 F.2d 1267 (9th Cir. 1989) and *Docken v. Chase*, 393 F.3d 1024 (9th Cir.

2004).[2]  (AOB at 12.)  In *Bostic*, this Court found that federal habeas jurisdiction is available when a state prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's *eligibility* for parole."  *Bostic*, 884 F.2d at 1269 (emphasis added).  But Nettles is already *eligible* for parole, having been denied parole consideration for ten years in 2009.  Thus, expungement here can not accelerate his eligibility for parole.

In *Docken*, the inmate alleged that his rights were violated when the parole board changed the period between his parole reviews from one year to five years.  *Id*. at 1025-26.  This Court held that his claims had a "sufficient nexus" to his length of confinement and were therefore cognizable in habeas corpus.  *Id*. at 1031.  Nettles argues that *Docken* sets the proper standard where an inmate may seek habeas relief if success "could potentially affect the duration of confinement."  (AOB at 15); *Docken*, 393 F.3d at 1031.

---

[2] Nettles argues that the only jurisdictional limitation in 28 U.S.C § 2254 is that a petitioner must be in custody pursuant to a judgment of a state court and that his custody must be in violation of the Constitution, laws, or treaties of the United States.  Nettles is incorrect.  *See e.g., Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.")

But *Docken* preceded *Dotson* and *Switzer* and is clearly irreconcilable with those decisions, where the Supreme Court expressly indicated that claims that do not "necessarily spell speedier release" are not within the core of habeas corpus. *Dotson*, 544 U.S. at 81; *Switzer*, 131 S. Ct. at 1298-99; *Biggs v. Sec'y of the Cal. Dep't. of Corr. & Rehab.*, 717 F.3d 678, 689 (9th Cir. 2013).

Nettles argues that his challenge to the CDC 115 prison disciplinary is cognizable on habeas because the Board may rely on it to deny him parole at a future parole hearing. (AOB at 15-22.) Speculation as to parole suitability is not within the scope of federal habeas review. *Swarthout v. Cooke*, __ U.S. __, 131 S.Ct. 859 (2011) (a federal court's inquiry into a parole denial is limited to whether the inmate received an opportunity to be heard and a statement of reasons why parole was denied). Regardless, while the Board of Parole Hearings may consider the challenged prison disciplinary at Nettles's 2019 parole consideration hearing, it is entirely speculative that a suitability decision will hinge on it. The Board considers "all relevant, reliable information available . . . in determining suitability for parole," and it must focus on whether an inmate poses a current risk of danger to public safety. Cal. Code Regs. tit., 15, § 2402 (b); *In re Lawrence*, 44 Cal. 4th at 1212. In other words, the Board is not required to find an inmate suitable or

unsuitable based on any single factor. *See Lawrence*, 44 Cal. 4th at 1214 ("rarely (if ever) will the existence of a single isolated fact in the record, evaluated in a vacuum, suffice to support or refute" a parole decision).

The possibility that expungement of the challenged CDC 115 prison disciplinary from Nettles's prison file will alter a future parole suitability decision is far too attenuated to invoke habeas jurisdiction. S*ee Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003) (a possible influence on a future parole decision is not a collateral consequence to sustain habeas jurisdiction over a prison disciplinary decision). The Board denied Nettles parole in 2009 based on several factors, including the 81 disciplinary infractions he received during his incarceration, seven of which had occurred since his previous parole hearing in 2004. (CD 7, SER 018.) The district court determined that even applying the standard in *Docken*, where a court evaluates whether an expungement of a prison disciplinary could "potentially affect the duration" of an inmate's confinement, it would be "difficult to imagine that [] one potentially flawed rules violation from 2008 could have any significant impact" on the Board's evaluation of Nettles's suitability for parole in 2019. (CD 37, ER 9.)

*Sandin v. Conner*, 515 U.S. 472 (1995) provides further support for this conclusion. In *Sandin*, the Supreme Court rejected the theory "that any state

11

action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause . . ..” *Sandin*, 515 U.S. at 484. A Hawaiian inmate alleged that two misconduct convictions violated his due process rights. *Id*. at 475-76. The Supreme Court found that the disciplinary actions did not inevitably affect the duration of the inmate's sentence because the parole board was not required under state law to deny parole because of that misconduct. *Id*. at 487. As the high court noted:

> The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record. . . . The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.

*Id*. (citation omitted).

Finally, Nettles argues that expungement of the CDC 115 prison disciplinary could result in a sooner parole consideration hearing, or an earlier parole release date when the Board finds him suitable for parole. (AOB at 19-21.) But Nettles's arguments rest on the Board's exercise of discretion. To invoke habeas jurisdiction, he must necessarily achieve a shorter sentence or release from incarceration if successful in his challenge to the CDC 115 prison disciplinary. *See Switzer*, 131 S. Ct. at 1298-99 n.13; *Blair*, 645 F.3d at 1158. He can not make this showing. His argument that

12

he could potentially be found suitable for parole at a future parole hearing absent the challenged CDC 115 prison disciplinary is far too attenuated to confer habeas jurisdiction. The district court's decision should therefore be affirmed.

## II. THE DISTRICT COURT'S JUDGMENT SHOULD BE AFFIRMED BECAUSE THE STATE COURT RECORD IS INSUFFICIENT TO GRANT RELIEF.

This Court may affirm the judgment on any adequate ground in the record. *Albers*, 136 F.3d at 672. Respondent moved for dismissal in the district court because Nettles's Petition was conclusory and failed to state sufficient facts to support his grounds for relief. *See* Rule 2(c)(2), 28 U.S.C. foll. § 2254; *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (conclusory allegations not supported by specific facts do not warrant habeas relief").

In his Petition, Nettles claimed that the reporting officer issued a false rules violation report, that an investigative employee failed to conduct a proper investigation, that prison officials failed to process his administrative appeals, and that a senior hearing officer improperly found him guilty of a prison disciplinary. (CD 1, ER 56-108.) His requested relief included the restoration of his good time credit, a prison disciplinary hearing complying with due process, a declaration from the district court that the record did not

13

support the state's factual findings, an expungement of correctional officers' reports, and a transfer to an out-of-state prison. (CD 1, ER 107-108.)

A court's resolution of Nettles's claims requires a complete copy of the challenged CDC 115 prison disciplinary. But Nettles's state court petitions (and district court petition) only include a copy of the original rules violation report and a copy of the investigative employee report. (CD 7, 27, SER 005-009.) The state court record (and the district court record) does not include the senior hearing officer's findings, including the evidence relied on to find Nettles guilty of the disciplinary offense, or the senior hearing officer's ultimate decision. (CD 7, 27.) Nettles acknowledges that documentation concerning the charges, the correctional officer's statement, and the report of the hearing and its outcome "remain in [his] file." (AOB at 5.)

Under AEDPA, petitioners are required to plead a clear entitlement to habeas corpus relief. *See Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979). Further, a federal court reviews state court decisions denying federal claims to determine if they are contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). A federal court's review is limited by the state court record, *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), and the record here is insufficient to grant any relief. Under

14

California law, habeas petitioners are required to attach documentary evidence in support of their claims. *See People v. Duvall*, 9 Cal.4th 464, 474 (1995). The incomplete state court record provides this Court a separate and sufficient ground to affirm the district court's judgment.

## CONCLUSION

The Court should find that it lacks jurisdiction over Nettles's challenge to a CDC 115 prison disciplinary because his success in this action will not necessarily accelerate his release from prison. Regardless, Nettles is unable to obtain relief because the state court record is deficient. The district court's judgment, therefore, should be affirmed.

Dated: April 28, 2014　　　　Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
JENNIFER A. NEILL
Senior Assistant Attorney General
PHILLIP J. LINDSAY
Supervising Deputy Attorney General

*/s/ ANDREW R. WOODROW*

ANDREW R. WOODROW
Deputy Attorney General
*Attorneys for Respondent-Appellee*

SA2013310330

12-16935

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**DAMOUS D. NETTLES,**

Petitioner-Appellant,

**v.**

**RANDY GROUNDS, Warden,**

Respondent-Appellee.

---

## STATEMENT OF RELATED CASES

To the best of my knowledge, there are no related cases.

Dated:  April 28, 2014       Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JENNIFER A. NEILL
Senior Assistant Attorney General
PHILLIP J. LINDSAY
Supervising Deputy Attorney General

*/s/ ANDREW R. WOODROW*

ANDREW R. WOODROW
Deputy Attorney General
*Attorneys for Respondent-Appellee*

16

**CERTIFICATE OF COMPLIANCE
PURSUANT TO FED.R.APP.P 32(a)(7)(C) AND CIRCUIT RULE 32-1
FOR 12-16935**

I certify that:  (check (x) appropriate option(s))

| X | 1. Pursuant to Fed.R.App.P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached **answering** brief is |

| X | Proportionately spaced, has a typeface of 14 points or more and contains 3029 words (opening, answering and the second and third briefs filed in cross-appeals must not exceed 14,000 words; reply briefs must not exceed 7,000 words |

April 28, 2014

Dated

*/s/ ANDREW R. WOODROW*

Andrew R. Woodrow
Deputy Attorney General

**CERTIFICATE OF SERVICE**

Case Name:     **Damous D. Nettles v. Randy Grounds, Warden**      No.      **12-16935**

I hereby certify that on April 28, 2014, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**APPELLEE'S ANSWERING BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 28, 2014, at Sacramento, California.

Maureen D. Armistead
Declarant

*/s/ Maureen D. Armistead*
Signature